# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1853, AT LENOX.

###### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. GEORGE T. BIGELOW,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

### Charles B. Langworthy *vs.* Ralph Little, Jr.

A mortgage of personal property made by a citizen of this state, temporarily in another state with such property, if valid by the law of the place where made, is valid here against the creditors of the mortgagor, who afterwards find the property here in his possession.

*St.* 1843, *c.* 72, § 2, requiring mortgages of personal property to be recorded in the town where the mortgagor resides, and also where he transacts his business, does not apply to mortgages made in another state by a citizen of this state

This was an action of tort for a horse and buggy wagon, attached by the defendant, a deputy-sheriff, as the property

of one Charles E. McCarty, September 11, 1849. The plain-tiff, an inhabitant of Hillsdale, in the state of New York, claimed title under a prior mortgage from said McCarty, made and dated at said Hillsdale, September 1st, 1849, at which time the property was at Hillsdale, and in the posses-sion of said McCarty. The mortgage was duly filed in the town-clerk's office of Hillsdale, according to the laws of New York, which were produced and read at the trial in the court of common pleas. Rev. Sts. of New York, vol. 2, p. 71. The plaintiff also proved a due demand on the defendant for the payment of the amount due him on said mortgage, pur-suant to Rev. Sts. *c.* 90, § 79, and that payment was refused. The defendant offered to prove that said McCarty, the mort-gagor, at the time of making the mortgage, resided in the town of Mount Washington, in this county, and after the mortgage was made, immediately returned with it to this state, and the same remained here in his possession, until it was attached by the defendant, on a writ in favor of citizens of Connecticut, who had no knowledge of the mortgage; nor was the same recorded in the town of Mount Washington. *Mellen,* J., ruled that these facts constituted no defence to the action, and the verdict being for the plaintiff, the defend-ant excepted to such ruling. The other facts of the case are stated in the opinion.

*B. Palmer,* for the defendant. 1. A mortgage of personal property, where the mortgagor keeps possession of the prop-erty, is void by the common law. 1 Powell on Mortgages, 36 a; *Steward* v. *Lombe,* 1 Brod. & Bing. 506.

2. By our statute, if the mortgagee keeps possession, the mortgage must be recorded. Rev. Sts. *c.* 74, § 5; *St.* 1843, *c.* 72, § 2; *Travis* v. *Bishop,* 13 Met. 304.

3. Where a mortgage is made in the state of New York by a citizen of this state, and recorded there agreeable to the statutes; if the mortgagor brings the property into this state, where he resides, and keeps possession of the same, said mortgage is void here, as against an attaching creditor of the mortgagor. *Skiff* v. *Solace,* 23 Verm. 279.

4. The comity of nations cannot prevail to enforce a con-

tract against its own interest or that of its subjects, certainly not where it would violate our own laws. Story on Conflict of Laws, §§ 203, 204; *Richmond Manuf. Co.* v. *Prall*, 9 Conn. 487.

*I. Sumner*, for the plaintiff.

SHAW, C. J. This mortgage of personal property was made in New York, the property then being there, to a citizen of New York, there residing, recorded in the town-clerk's office in the town of Hillsdale, New York, and so made as to be valid, and bind the property in that state. Being removed into Massachusetts, it was here attached by the defendant, as the property of the mortgagor. The property in question was a horse and buggy wagon, and it appeared that the horse and wagon were sold by the plaintiff at Hillsdale, to McCarty, the mortgagor, and mortgaged back at the same time, to secure McCarty's note given at the same time, in part payment for said purchase. The plaintiff, by this conveyance, acquired a good qualified title to the property, by the laws of the state of New York, a property sufficient to enable him to maintain trover against a wrongdoer; and an officer attaching the property as the property of the mortgagor, especially without paying, and in fact refusing to pay the debt of the mortgagee, when notified to him and demanded of him, is as to him a wrongdoer. A party who obtains a good title to property, absolute or qualified, by the laws of a sister state, is entitled to maintain and enforce those rights in this state. It is a case where the *lex loci contractus* must govern.

We think there is no ground for the argument, that by the *St.* 1843, *c.* 72, this mortgage should have been recorded by the clerk of the town where the mortgagor resides, and also of the town where he principally transacts his business, or follows his calling, and that said statute obviously applies only to mortgages made in Massachusetts.

*Exceptions overruled.*